UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-107-KSF

JAMES H. LIMBRIGHT, et al.　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS

vs.　　　　　　　　　　　　　　**OPINION AND ORDER**

GEORGE HOFMEISTER, et al.　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

This matter is before the Court on the third motion of the Supplementary Defendants to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the motion will be denied.

I.　　**BACKGROUND**

Plaintiffs filed their Complaint in Supplementary Proceedings in the United States District Court, Eastern District of Michigan on May 30, 2008. [DE 1]. Defendants filed, on June 30, 2008, motions pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6) and 12(e) to dismiss. [DE 12]. On March 31, 2009, the Michigan court granted the motion to dismiss defendants Megan G. Hofmeister, Scott R. Hofmeister, and Jamie S. Hofmeister ("Children") for lack of personal jurisdiction over them, transferred the case to this Court and denied the motion to dismiss in all other respects. [DE 27].

On May 13, 2009, Defendants filed a motion to dismiss in this Court pursuant to Fed. R. Civ. P. 12(b)(6) or to require Plaintiffs to restate their claims under Rule 12(e). [DE 40]. That motion was granted to the limited extent that the Plaintiffs sought relief from assets owned by the Children, who were no longer parties, but was denied without prejudice for Plaintiffs to file an Amended Complaint adding the Children. [DE 46]. The Amended Complaint was filed March 4, 2010. [DE 50]. On March 18, 2010, the Supplementary Defendants moved for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of Counts I - IV, claiming that the damages to which the Plaintiffs may be

entitled from the Children or their trusts could not exceed the value of the asset transferred to them and that Plaintiffs' allegations are not so limited. [DE 54, pp. 3-4]. They argue in their Reply that they are entitled to "a ruling on the contours of damages Plaintiffs ... may be entitled to" at the outset of the case. [DE 57, p. 6].

Plaintiffs contend that the arguments in the third motion to dismiss were waived under Rule 12(g)(2) by the failure to raise them in the first motion to dismiss. Plaintiffs further claim that Defendants' sole purpose is to further delay these proceedings, and that sanctions under Rule 11 are appropriate. [DE 55, p. 10, n 3]. Plaintiffs argue alternatively that the Amended Complaint is sufficient to survive a motion to dismiss.

In reply, the Defendants insist that the Rule 12(g) limitations are not applicable when a complaint is amended. [DE 57, pp. 3-4]. "If Rule 12 responses to Rule 15 amended pleadings were limited only to new matters in the amended pleading, presumably the Federal Rules would have specified so." *Id.* at 4. Defendants also ask this Court to construe their motion as a permissible Rule 12(c) motion, despite their written assertion in the motion that it was filed pursuant to Rule 12(b)(6). *Id.* at 5. Finally, they note that Plaintiffs' motion for sanctions fails to comply with the requirements of Fed. R. Civ. P. 11(c)(2). *Id.* at 6-7.

## II. ANALYSIS

Fed. R. Civ. P. 12(g)(2) provides:

> ***Limitation on Further Motions***. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

The exceptions under Rule 12(h)(2) and (3) are not applicable here. The purpose of Rule 12(g) was explained by the Sixth Circuit as follows:

> Rule 12 was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes whereby numerous pretrial motions could be made, many of them in sequence, a course of conduct that often was pursued for the sole purpose of delay. ... Indeed, the only persons to whom Rule 12(g) presents a hazard are motion-minded lawyers who, for

2

> force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions. *** **Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every Rule 12 defense and objection he may have that is assertable by motion.** He cannot delay the filing of a responsive pleading by interposing these defenses and objections in a piecemeal fashion but must present them simultaneously. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion.

*Rauch v. Day and Night Manufacturing Corp.*, 576 F.2d 697, 701, n. 3 (6th Cir. 1978), citing 5 Wright & Miller § 1384, emphasis added. *See also English v. Dyke*, 23 F.3d 1086 (6th Cir. 1994) ("[A] failure to assert the defense in a pre-answer motion to dismiss waives the right to raise the issue in a second pre-answer motion to dismiss."); *Swart v. Pitcher*, 9 F.3d 109 (table), 1993 WL 406802 at *3 (6th Cir. 1993) ("While defendants could still raise qualified immunity in their answer, in a motion for judgment on the pleadings, in a summary judgment motion, or at trial, they could not raise the defense in a second pre-answer motion to dismiss.").

Defendants' motion to dismiss is not saved by the fact that Plaintiffs filed an Amended Complaint. Plaintiffs state that "the allegations in the First Amended Complaint are identical to the allegations in the Complaint." [DE 55, p. 9]. Defendants do not dispute that statement, but argue that any amended complaint starts the Rule 12(b) process anew, "[r]egardless of whether there were changes to the initial complaint." [DE 57, p. 3].

While it does not appear that the Sixth Circuit has decided this particular issue, other courts and commentators have addressed it. "The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." Wright & Miller, 5C Federal Practice & Procedure § 1388 (2010 update). The Fourth Circuit agreed as follows:

> The leading commentators are in accord that, once having waived the defense of lack of jurisdiction over the person ... Rule 12(g) prevents the defense from being revitalized even though plaintiffs amended their complaint.... They conclude, and we agree, that an amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An

3

> unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended.

*Rowley v. McMillan*, 502 F.2d 1326, 1332-3 (4th Cir. 1974). *See also Lanehart v. Devine*, 102 F.R.D. 592, 594 (D.C. Md. 1984) ("However, amendment of the complaint does not revive the right to interpose defenses or objections which might have been made to the original complaint."); *Morrison v. Amway Corp.*, 421 B.R. 381, 386 (S.D. Texas 2009) ("Conversely, if the defense previously existed but was not asserted timely, then the right to bring it by a motion to dismiss is not 'revived' by mere amendment."); *Sears Petroleum & Transport Corp.* 217 F.R.D. 305, 307 (N.D. N.Y. 2003) ("Nor may defendant advance arguments that could have been made in the first motion to dismiss but neglected to do so."); *Williamson v. Recovery*, 2009 WL 3172648 at *3 (S.D. Ohio 2009) (quoting Wright & Miller, *supra,* at § 1388).

Any defense regarding the scope of damages to which the Plaintiffs may be entitled was unquestionably available at the time of the original motion while the children were still parties, but it was not included in that motion. Accordingly, it "may not be the basis of a second pre-answer motion." *Rauch*, 576 F.2d at 701. Defendants' motion to dismiss will be denied under Rule 12(g).

Defendants might believe they could escape the effect of Rule 12(g) because their third motion to dismiss was not "pre-answer." Instead, they filed their answer approximately four hours before filing the motion to dismiss. [DE 53, 54]. However, this procedural posture simply provides an alternative reason to deny their motion to dismiss. Rule 12(b) states in part: "A motion asserting any of these defenses **must be made before pleading** if a responsive pleading is allowed." Fed. R. Civ. P. 12(b), emphasis added. Having filed their answer first, Defendants' 12(b)(6) motion is untimely and unauthorized. *See Sears Petroleum,* 217 F.R.D. at 307 ("However, the Rule 12(b)(2) portion of the motion is untimely and cannot be considered because defendants served their answer to the amended complaint prior to making this motion."); *Morrison v. Amway Corp.*, 421 B.R. at 385 ("[A] post-answer motion to dismiss for failure to state a claim would be untimely.").

4

III.     CONCLUSION

**IT IS ORDERED** that the Supplementary Defendants' Motion for Partial Dismissal of First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 54] is **DENIED**.

This April 27, 2010.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge