UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-107-KSF

JAMES H. LIMBRIGHT, et al.                                                              PLAINTIFFS

vs.                                      OPINION AND ORDER

GEORGE HOFMEISTER, et al.                                                          DEFENDANTS

This matter is before the Court on the motion of Plaintiffs to file a Second Amended Complaint [DE 140]. For the reasons stated below, the motion will be granted in part and denied in part.

I.      **BACKGROUND**

Plaintiffs moved to amend their complaint within the Court's deadline for filing such motions. They seek to add an alter ego claim regarding the Hofmeister Family Trusts; to add American Metal Industries, Inc. to the specific transfers involved in the matter and to delete subsidiary companies; to add "and other applicable law" as a potential legal theory in addition to the Michigan statutes listed in several Counts; to request that a receiver be appointed for the Hofmeister Family Trusts and the Hofmeister Childrens Trusts, in addition to the prior demand for a receiver for the Hofmeister Family Trust Transferred Assets; and to add a request for punitive damages. [DE 140].

Defendants oppose the motion to amend saying there is no stated reason for the delay in seeking the amendment, that the dispositive motion deadline is close at hand, and that additional discovery will be necessary if punitive damages are added. [DE 145]. Defendants argue that the proposed alter ego claims were already made in a Michigan action which was settled by agreement, and that by accepting the settlement, Plaintiffs gave up their right to asserts the claims again. *Id.* at 4. The flaw with this reasoning is that Defendants breached the settlement agreement. Any concerns about double recovery are premature at this time.

Defendants further argue the alter ego amendment is futile because Plaintiffs already have a judgment against the Family Trusts. *Id.* at 5. They also argue Rule 8 futility because there are no factual allegations regarding asset transfers between the Family Trusts and the Hofmeisters. Finally, they contend there is insufficient evidence of an alter ego claim. *Id.* at 6-7. Most notably, they do not argue any prejudice.

Plaintiffs respond that several loans to George Hofmeister were guaranteed by the Family Trusts and that Hofmeister improperly signed the Family Trusts guaranty as trustee when he was without authority to do so. [DE 146, pp. 4-6]. They also note that this Court has denied several motions to dismiss for lack of specificity and that they are not required to prove their entire case before being permitted to amend their complaint.

Regarding the naming of American Metals, Inc., Defendants say Plaintiffs knew some time ago that the company owns MW Universal, which was pled in the complaint. They argue this amendment is dilatory. Regarding application of other law, Defendants contend this Court ruled that Michigan law would apply. *Id.* at 7. Plaintiffs point out that this Court has not made any decision regarding the law applicable to the Hofmeister Children, who were dismissed from the Michigan action for lack of personal jurisdiction and were only named as Defendants in Kentucky.

Regarding the motion to add punitive damages, Defendants argue that the Michigan statutes on which Plaintiffs rely do not authorize punitive damages. Moreover, they argue under Michigan law that punitive damages are inappropriate in a case of fraudulent transfer or collection on a commercial guaranty. [DE 145, p. 8-9]. Defendants claim prejudice from this proposed amendment in that extensive additional discovery would be necessary on the eve of trial. *Id.* at 2. Plaintiffs respond by disagreeing with the characterization of Michigan law and of the allegations in the complaint. They further note that punitive damages are available on fraudulent conveyance claims in other jurisdictions. [DE 146, pp. 8-10]. Plaintiffs also argue Defendants had ample notice

2

of a claim for punitive damages through its assertion in Plaintiffs' Answer to Interrogatory 18 and through supplemental responses.  *Id.* at 2-3.

## II. ANALYSIS

Leave to amend a pleading shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  A district court should consider the following factors in passing on a party's motion to amend: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.,*, 918 F.2d 579, 591 (6th Cir. 1990).  However, "[d]elay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."  *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

The motion to amend was filed within the Court's deadline and, therefore, is timely.  There is no evidence of bad faith or dilatory motive.  Most of the proposed changes are no surprise.  To the contrary, Defendants argue the alter ego claim was made years ago in the Michigan action.  The proposal to add punitive damages may be futile, but, more importantly, it is highly prejudicial at this late stage of the case.  That portion of the proposed amendment will be denied.

## III. CONCLUSION

**IT IS ORDERED** that:

1. Plaintiffs' motion to file a Second Amended Complaint [DE 140] is **GRANTED IN PART** and **DENIED IN PART**.

2. The proposed changes in the tendered Second Amended, except punitive damages, are **GRANTED**.

3. The proposal to add claims for punitive damages is **DENIED.**

4. Plaintiffs shall file a Second Amended Complaint in conformity with this Order no later than **June 15, 2011**.

This June 13, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge