UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-107-KSF

JAMES H. LIMBRIGHT, et al.                                                                              PLAINTIFFS

vs.                                              OPINION AND ORDER

GEORGE HOFMEISTER, et al.                                                                          DEFENDANTS

      This matter is before the Court on Plaintiff's Response regarding calculation of the amount due under the Kentucky Judgment, which the Court is treating as a motion to clarify its November 14, 2011 judgment, and Plaintiffs' additional motion to alter or amend judgment. For the reasons discussed below, the motions will be granted.

**I.    BACKGROUND**

      The underlying facts of this case were set forth in earlier decisions and will not be repeated here. *Limbright v.* Hofmeister, 688 F. Supp.2d 679 (E.D. Ky. 2010); Limbright *v. Hofmeister*, 2011 WL 5523713 (E.D. Ky. Nov. 14, 2011); *Limbright v. Hofmeister*, 2012 WL 664461 (E.D. Ky. Feb. 28, 2012). On November 14, 2011, this Court entered judgment against the Defendants "in the sum equal to the balance due and owing to the Plaintiffs on their Kentucky Judgment, plus all accrued interest at the legal rate." [DE 223]. Plaintiffs' counsel reported that on November 15, they were meeting with their clients when Henry Limbright mentioned for the first time that he recalled this Court considering a request for attorney fees after the March 29, 2002 Judgment, but he could not remember the outcome. [DE 227, p. 6, n. 2]. Later that day, Plaintiffs' counsel obtained from the Clerk of this Court a copy of the May 24, 2002 judgment, which awarded $141,422.31 in interest, attorney fees and costs. Plaintiffs claim the Defendants' counsel were advised that evening of the additional amount and Plaintiffs' expectation of payment. *Id.* With interest, the total had increased by then to approximately $190,000. On November 16, 2011, Defendants wired

$1,209,418.20 to Plaintiffs' counsel, based upon Plaintiffs' previous calculations for the March 29, 2002 Judgment and accrued interest, but excluding the subsequent award. [DE 228, p. 2; DE152, p. 9].

Plaintiffs' counsel are now asking the Court to clarify that the additional amount for unpaid interest, fees, and costs was part of the Kentucky Judgment and should be included in any calculations regarding the amount due. Defendants responded basically that it is too late now for Plaintiffs to seek amendment of their complaint and compensation for the additional amount when it was not included in any pleadings before now.

II.  ANALYSIS

Defendants argue that, throughout the many years of litigation in this and related cases, Plaintiffs have relied only upon the March 29, 2002 judgment for $1,200,000. [DE 228, pp. 2-3]. They protest vigorously that the May 24, 2002 judgment was never mentioned. Accordingly, Defendants argue Plaintiffs should be limited to the March 29, 2002 judgment that was registered in Michigan and referenced in their various complaints. Defendants contend that Plaintiffs' calculation of the amount due in an August 10, 2011 pleading in federal court in Michigan is a "judicial admission" that cannot be recanted. Defendants also rely on laches and equitable estoppel to preclude recovery of more than the March 29,2002 Judgment plus interest.

Plaintiffs do not dispute that the May 24, 2002 judgment was not specifically mentioned during the litigation against the Defendants. Plaintiffs' present counsel acknowledge they were not previously aware of it. Plaintiffs note, however, that all references to the March 29, 2002 Judgment in the Complaint are specifically to the "principal amount" of the judgment. [Complaint, DE 1, ¶¶ 9, 15]. The Complaint also clearly seeks "interest, costs, together with reasonable attorneys fees." *Id.* at ¶ 15. Plaintiffs argue further that the interest, cost and attorneys fees were unquestionably granted by this Court, the Hofmeisters were aware of it, and the Hofmeisters will not be prejudiced by being required to pay an amount that they previously admitted owing.

2

Plaintiffs also argue that courts have equitable power to disregard defects in pleadings when they do not affect the substantial rights of the parties.

Defendants' assertion of a judicial admission is not well taken. *MacDonald v. GMC,* 110 F.3D 337, 340 (6th Cir. 1997), on which they rely says:

> Because of their binding consequences, judicial admissions generally arise only from deliberate voluntary waivers that expressly concede ... an alleged fact.... [C]onsiderations of fairness and the policy of encouraging judicial admissions require that trial judges be given broad discretion to relieve parties from the consequences of judicial admissions in appropriate cases.

*Id.*, quoting *United States v. Belcufine*, 527 F.2d 941, 944(1st. Cir. 1975). The statement of counsel in the Michigan pleading was in response to Defendants' calculations, which did not compound interest properly and excluded several months of interest. The focus was on correcting those errors, rather than deliberately conceding an alleged fact. It is the opinion of this Court that counsels' remarks were not "deliberate voluntary waivers" of an award to which Plaintiffs were entitled. *See also Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (Judicial admissions of fact must be deliberate and clear, while legal conclusions are rarely considered to be binding judicial admissions.").

The Court is also not persuaded that there was any defect in the pleadings. The March 29, 2002 Opinion and Order granting judgment states on page 14:

> In addition, the Guaranties require the Hofmeisters "to pay the reasonable costs and out-of-pocket expenses of [the Limbrights] including, without limitation, reasonable attorneys' fees, in connection with the collection of the amounts owing under [these Guaranties]."

On page 24, the Opinion and Order states in its Conclusion:

> Pursuant to the obligations expressly assumed by the Hofmeisters in their Guaranties, the Court will award the Limbrights the principal amounts of the Promissory Notes, plus interest accrued, reasonable costs and out-of-pocket expenses, and reasonable attorney fees incurred through collection on the Hofmeisters' Guaranties.

[DE 229-2]. The March 29, 2002 Judgment, entered pursuant to that Opinion and Order, states in part:

(1) judgment is entered in favor of James H. Limbright in the principal amount of $900,000, **plus** interest calculated pursuant to the amended Promissory Note, costs and reasonable attorney fees as against defendants George and Kay Hofmeister, jointly and severally;

(2) judgment is entered in favor of Henry Limbright in the principal amount of $300,000, **plus** interest calculated pursuant to the amended Promissory Note, costs and reasonable attorney fees as against defendants George and Kay Hofmeister, jointly and severally;

(3) the Court SHALL RETAIN jurisdiction of this matter for the sole purpose of entertaining plaintiffs' petition for fees and costs;

[DE 227-2, emphasis added]. The Hofmeisters subsequently stipulated to "the amount of reasonable attorney fees, interest and costs to be awarded in this case" and agreed that "[t]his court shall retain jurisdiction of this matter for the sole purpose of entertaining Plaintiffs' Petition for Subsequent or Additional Attorney Fees, Costs and Interest." [DE 229-3, p. 2]. The subsequent complaints demanding the principal amount of the judgment plus interest, costs and attorney fees were sufficient to put Defendants on notice attorney fees, costs and interest had not been abandoned. No amendment of the pleadings is necessary.

Defendants' theory of equitable estoppel is without merit. As Defendants admit, an element of that theory is a representation or concealment of material facts that "are unknown to the other party." [DE 228, p. 7]. All facts associated with the award of interest, costs and attorney fees were known to the Hofmeisters. Equitable estoppel does not apply under the facts.

Defendants' reliance on election of remedies and waiver is also misplaced. Defendants' cited authority on election of remedies defines it as "two modes of redress, which are contradictory and inconsistent with each other." [DE 228, p. 8]. There is nothing "contradictory and inconsistent" about Plaintiffs' Complaint and its motion for summary judgment which demand the principal amount of a judgment along with interest, costs and fees.

Defendants' theory of waiver is also flawed. There is no evidence that Plaintiffs intentionally relinquished a known right. The only conduct "inconsistent with the assertion of that right" was the mistake of overlooking a prior award of interest and fees when calculating the amount due. After

4

suffering nine years of delays while chasing Hofmeister assets and trying to collect their judgment, it is not surprising that Plaintiffs overlooked something.

Defendants also invoke the doctrine of laches, "an unreasonable delay in asserting a right." [DE 228, p. 5]. That assumes Plaintiffs did not assert their right to interest, costs and fees earlier in the case. As discussed above, these rights were asserted in the various complaints and in the motion for summary judgment. Moreover, the Court has discretion whether to apply the doctrine, as Defendants admit. *Id.* Even if the right had been neglected, this Court finds that no injustice to Defendants will result from its enforcement. The greater injustice would be to allow Defendants to escape an obligation that they voluntarily assumed when they signed guaranties of payment to the Limbrights.

Finally, the inclusion of the March 29, 2002 Judgment in Plaintiffs' Exhibit List does not weigh in favor of a different result. A jury would not be determining interest, costs or attorney fees. That is a legal question to be decided by the Court.

### III.    CONCLUSION

**IT IS ORDERED** that Plaintiffs' response regarding calculation of amounts due under the Kentucky Judgment [DE 227], treated as a motion to clarify, and Plaintiffs' additional motion to alter or amend judgment [DE 233] are **GRANTED.**

This March 14, 2012.



Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**

5