UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-107-KSF

JAMES H. LIMBRIGHT, et al.                                                            PLAINTIFFS

vs.                                            **OPINION AND ORDER**

GEORGE HOFMEISTER, et al.                                                          DEFENDANTS

\* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's motion to modify or amend the Court's November 14, 2011 judgment to award attorney fees and related nontaxable expenses. [DE 229]. For the reasons discussed below, the motion will be granted in part.

**I.      BACKGROUND**

On November 14, 2011, this Court granted Plaintiffs' motion for summary judgment in part, but summarily denied their motion for attorney fees, based on the absence of any fee-shifting statute.  *Limbright v. Hofmeister*, 2011 WL 5523713 at *11 (E.D. Ky. Nov. 14, 2011).  Recently, the Court was reminded that in 2002 it awarded attorney fees based on the Hofmeisters' personal guaranties for the debt owed to the Limbrights.  Those guaranties provided in part:

> Guarantor acknowledges [his/her] obligation to pay the reasonable costs and out-of-pocket expenses of Holder [Limbrights] including, without limitation, reasonable attorneys' fees, in connection with the collection of the amounts owing under this Guaranty.

Case No. 5:01-cv-92-KSF, Complaint, Exs. A, B.  The Guaranty further provides that it guarantees "punctual payment," that it is "unconditional," and that it is a "continuing guarantee and shall continue in full force and effect, notwithstanding ... any other action or omission by the holder of this Note."  *Id.*  This Court said in its March 29, 2002 Judgment that it would award attorneys fees and, in fact, did so on May 24, 2002. [DE 229, Ex. 2, p. 24].[1]  That award of fees also stated: "This

---

[1] Docket entry numbers reference pleadings in this case unless otherwise designated.

Court shall retain jurisdiction of this matter for the sole purpose of entertaining Plaintiffs' Petition for Subsequent or Additional Attorney Fees, Costs and Interest." [DE 229-3, p. 2].  Plaintiffs recently filed a motion in that case for additional attorney fees, along with the affidavits of counsel. [Case 01-92, DE 160].  In the present case, Plaintiffs also seek their attorneys fees under Michigan law and various equitable theories including fraud and exceptional circumstances.

Defendants object to the motion for fees in the earlier case, in part, "because their fees do not represent collection on the guaranties; instead they represent collection on the judgment." [Case 01-92, DE. 161]. "By filing suit on the guaranties and taking a judgment plaintiffs *exchanged* their guaranties for a judgment."  Defendants also argue that the Court has already denied a fee award, and that there is no jurisdiction under the original case because the case is closed.  They argue the November 14, 2011 denial of fees is "res judicata" and "the law of the case."  Relying on Michigan law, Defendants contend that fees cannot be awarded unless authorized by statute or by court rule.  They claim Rule 54 precludes a fee award unless authorized by a federal statute, rule or court order.  Finally, Defendants argue there is no basis to award fees against the supplementary trusts or children because they were not parties to the guarantees.  *Id.*

In the present case, Defendants' response argues the absence of a fee-shifting statute and the absence of any finding that Defendants "proceeded in 'bad faith, vexatiously, wantonly, or for oppressive reasons,'" in addition to the above arguments. [DE 231].  Defendants also attempt to distinguish Plaintiffs' authorities on fraud and argue that the exception cited by Plaintiffs would swallow the American Rule.

II.     ANALYSIS

Defendants reliance on MCL § 600.2405 regarding taxable costs and its limitation to "attorney fees authorized by statute or by court rule" is misplaced.  It ignores relevant Michigan authority distinguishing that statute and upholding awards of attorney fees under a contract.  In

2

*Central Transport, Inc. v. Fruehauf Corp.*, 139 Mich. App. 536, 362 N.W.2d 823 (1984), the court said:

> Contractual provisions for payment of reasonable attorney fees are judicially enforceable. Attorney fees awarded under contractual provisions are considered damages, not costs.

*Id.* at 829, citations omitted. *See also Fleet Business Credit v. Krapohl ford Lincoln Mercury* Co., 274 Mich. App. 584, 735 N.W.2d 644, 648 (2007) (Attorney fees awarded under contractual provisions are considered damages, not costs); Wilson Leasing Co. v. Seaway Pharmacal Corp, 53 Mich. App. 359, 220 N.W.2d 83, 87 (1974) ("[T]he amount of the attorneys' fees is an element of the principal debt; the fees are not 'costs' within the meaning of statutes which authorize or limit the taxation of costs.").

In *Michigan National Leasing Corporation v. Cardillo*, 103 Mich. App. 427, 302 N.W.2d 888 (1981), an equipment lease agreement provided that in the event of default:

> Lessor, shall, nevertheless, have a right to recover from Lessee * * * reasonable expenses including reasonable attorneys' fees, which Lessor shall have sustained by reason of the breach of any covenant or covenants of this Lease.

*Id.* at 892. The court noted that similar language was contained in the personal guaranty executed by the corporate owners and held that the trial court erred by denying attorney fees. *See also Roberts v. Saffell*, 2011 WL 2557495 at *2 (Mich. Ct. App. June 28, 2011) ("Here, the plain language of the contract provision mandates the award of attorney fees to the prevailing party in an action 'arising out' of the agreement."); *Smoot v. Fox*, 353 F.2d 830, 832 (6th Cir. 1965) ("Attorney's fees are also allowable where they are ... provided for by agreement between the parties.").

In the present case, the Hofmeisters agreed to pay "reasonable attorneys' fees in connection with the collection of the amounts owing under this Guaranty." "Clear, unambiguous, and definite contract language must be enforced as written and courts may not write a different contract for the parties...." *Wausau Underwriters Ins. Co. v. Ajax Paving Industries, Inc.*, 256 Mich.

3

App. 646, 671 N.W.2d 539, 543 (2003). Accordingly, the Limbrights are entitled to reasonable attorney fees.

Defendants contend that "[b]y filing suit on the guaranties and taking a judgment, plaintiffs had *exchanged* their guaranties for a judgment." [DE 231, p. 4, emphasis in original]. They follow this with the argument that no fees are owed because: "None of these attorneys were collecting on guaranties. They were collecting a judgment." *Id.* Under Defendants' theory, a guaranty is only a guaranty if it is voluntarily paid. If the guarantor decides not to pay it and there is litigation resulting in a judgment, the promise to pay attorney fees becomes worthless. That makes absolutely no sense. Defendants have not cited any authority to support their interpretation of a guaranty, and the Court has found none.

The plain language of the guaranties executed by the Hofmeisters provides that reasonable attorneys' fees are to be paid and that the guaranties are "unconditional" and "shall continue in full force and effect, notwithstanding ... any other action or omission by the holder of this Note." There is no exception for the necessity of litigation. To the contrary, the need for litigation increases the likelihood that attorney fees would be warranted. Courts are not free to rewrite the contract agreed upon by the parties. If the fees are reasonable and incurred "in connection with the collection of the amounts owing under this Guaranty," they are to be paid by the Hofmeisters. The language used by the parties, "in connection with the collection of the amounts owing" is broad and must be enforced as written.

Defendants' arguments regarding "res judicata" and "law of the case" are equally without merit. If a prior decision of a trial court were res judicata, then Fed. R. Civ. P. 59(e) would be superfluous. Instead, Rule 59(e) specifically allows a trial court to alter or amend its judgment. The law of the case doctrine has no application here, either. "[T]he 'law of the case' doctrine is 'limited to those questions necessarily decided in the earlier appeal.'" *University Hospitals of Cleveland v. Emerson Electric Co.*, 202 F.3d 839, 848, n.6 (6th Cir. 2000).

4

The reasonableness of any fees claimed must be determined, however. The burden is on the party claiming fees to provide the court with the detail to prove the reasonableness of the requested fees. *Smith v. Khouri*, 481 Mich. 519, 751 N.W.2d 472, 478 (2008). If necessary, the details may be filed under seal pursuant to this Opinion and Order, but must be provided to opposing counsel for purposes of making objections.

Because the Hofmeister Children were not parties to the guaranties and were not held to be alter egos of the Hofmeisters, the Children are not personally liable for fees and expenses. The Court previously determined that the Florida condo was a fraudulent transfer to the Children, making it subject to any award. *Limbright v. Hofmeister*, 2011 WL 5523713 at *9 (E.D. Ky. Nov. 14, 2011).

Even if attorney fees were not authorized under the guaranties, the Court agrees with Plaintiffs that there are equitable grounds to support an award of reasonable fees in this case. "In our opinion the allowance of such items [attorney fees] is within the discretion of the District court in equity cases where exceptional circumstances call for their allowance in order to do justice between the parties." *Smoot v. Fox*, 353 F.2d 830 (6th Cir. 1965). Michigan law allows recovery of attorney fees "in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct." *Brooks v. Rose*, 191 Mich. App. 565, 478 N.W.2d 731, 736 (1991). *See also Ypsilanti Charter Tp. v. Kircher*, 281 Mich. App. 251, 761 N.W.2d 761, 781 (2008) (same).

Defendants seek to distinguish many of Plaintiffs' authorities by arguing there was no "fraud" claim in the present case. While not traditional claims of fraud, the very essence of Plaintiffs' claims of fraudulent transfer and alter ego was the Hofmeisters' actual intent to defraud creditors. Corporate or trust identities will generally be respected and "will be pierced only to prevent fraud or injustice." *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 873 F.2d 109, 111 (6th Cir. 1989). "Fraud or other attempts to evade the law justify invoking equity's power

to look through and behind the legal entity of corporate existence." *Id.* This Court held that the various trusts were merely the alter egos of George and Kay Hofmeister. *Limbright v. Hofmeister*, 2011 WL 5523713 at *3-*8 (E.D. Ky. Nov. 14, 2011). The Hofmeisters claimed to be transferring assets to irrevocable trusts for the benefit of their children, but they continued to control and use these assets to finance their lavish lifestyle. *Id.* Additionally, this Court held that "the Plaintiffs met their burden of showing that the transfers from the Hofmeisters to the HFT, to the Children, and to the CTs were with actual intent to defraud creditors." *Id.* at *10.

      The transfers of assets began soon after the Limbrights first filed suit. "The Florida condo was transferred to HFT a month later, and the transfer of AHD began two months before the Limbrights obtained their Kentucky Judgment in March 2002." *Id.* at *7. After the Limbrights sued the Hofmeisters and the HFT and vigorously litigated to recover on the Kentucky Judgment, the parties mediated and reached a settlement on December 14, 2006. The settlement agreement was not signed and effective, however, until January 7, 2007. Meanwhile, On December 20, 2006, the condo was transferred from HFT to the Children. On December 31, 2006, AHD, AMI and Guide Point Systems were transferred from HFT to the Children. After these transfers HFT was insolvent and unable to pay any of the amount due under the settlement agreement. *Id.* The result was that the Limbrights again had to file a lawsuit, broaden the named defendants to include the Children and their trusts, and assert alter ego claims. For ten years, the Limbrights have been trying to collect the funds due to them from the sale of their business to one of the Hofmeister corporations. The corporation filed bankruptcy shortly after the sale, and the Limbrights have been pursuing the guaranties signed by George and Kay Hofmeister ever since. The necessity of such extended litigation to collect a debt presents exceptional circumstances. The Hofmeisters shuffled and hid their assets at every turn and continued to drag out these proceedings. The collection of a judgment is hollow when the debtor has forced the creditor to incur enormous attorney fees and

6

costs. In order to do justice between the parties, the Court will exercise its discretion to award the Limbrights reasonable attorney fees.

### III.     CONCLUSION

**IT IS ORDERED** that:

A.  Plaintiffs' motion to award attorney fees and nontaxable expenses [DE 229] is **GRANTED IN PART**;

B.  The award of fees does not apply to the Hofmeister Children personally;

C.  Plaintiffs are to submit, under seal if necessary, **on or before April 5, 2012** detailed records of the fees and expenses they are claiming in order that the Court can determine the reasonableness thereof; and

D.  Defendants may file any objections to the amounts claimed **on or before April 12, 2012** at which time the matter will be submitted to the Court.

This March 22, 2012

**Signed By:**

*Karl S. Forester*   KSF

**United States Senior Judge**