UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-107-KSF

JAMES H. LIMBRIGHT, et al.                                          PLAINTIFFS

vs.                          **OPINION AND ORDER**

GEORGE HOFMEISTER, et al.                                          DEFENDANTS

* * * * * * *

This matter is before the Court on the motion of Megan Hofmeister, Scott Hofmeister, and Jamie Hofmeister (the Hofmeister "Children") to deposit a sum into court and for entry of an order of satisfaction of judgment.  For the reasons stated below, the motion will be granted in part.

I.      **BACKGROUND**

The relevant factual background for the present motion follows.  On November 14, 2011, judgment was entered against all Defendants "in the sum equal to the balance due and owing to the Plaintiffs on their Kentucky Judgment, plus all accrued interest at the legal rate."  DE 223; *Limbright v. Hofmeister*, 2011 WL 5523713 (E.D. Ky. Nov. 14, 2011).  Defendants then paid $1,209,418.20,  comprised of the amount of the March 29, 2002 Kentucky Judgment plus interest.  DE 224.  Subsequently, Defendants and the Court were advised that there was an award of interest, attorney fees and costs on May 24, 2002, that had been erroneously omitted from the calculations on the amount due.  Accordingly, the Court clarified the judgment to include these amounts plus additional accrued interest.  DE 244; *Limbright v. Hofmeister*, 2012 WL 876303 (E. D. Ky. March 14, 2012).  It is this clarified judgment amount that the Children seek to deposit into court after being unable to reach an agreement for payment of the funds directly to Plaintiffs.  DE 258.  As a condition for the payment, however, the Children seek entry of an order that they have satisfied all judgments associated with this action.  DE 258-1.  They also requested that Plaintiffs' motion to appoint a receiver be denied because the then pending judgment would be paid.

Plaintiffs object to the motion to deposit on the grounds that Rule 67 is not applicable to this action because it is now on appeal.  DE 259, p. 3.  They claim there is no indication the Clerk would pay the funds over to the Limbrights.  *Id.* at 4.  They next contend that a party cannot pay a judgment and still appeal it.  *Id.* at 5-6.  Finally, they argue that an order indicating satisfaction of the judgments would be inconsistent and create uncertainty with respect to a pending claim for attorney fees.  *Id.* at 7.

In reply, the Children respond to each of the Plaintiffs' arguments.  DE 260.  They note that there appears to be a dispute between Michigan and Kentucky counsel for Plaintiffs regarding entitlement to the funds.  *Id.* at 2.  They also note that their alternative is to post the fund as an appeal bond, which would moot the motion for appointment of a receiver.  DE 260, p. 3.  Finally, the Children argue there is no confusion with respect to the motion for attorney fees in light of the proposed order which exempts that subject.

Subsequent to briefing on this motion, the Court entered judgment in favor of Plaintiffs for attorneys fees and expenses in the amount of $528,467.60.  DE 262.  The Children were not parties to the guaranty providing for fees, but a Florida Condo they presently own was a fraudulent transfer to them and is subject to the recent fee judgment.

## II.   ANALYSIS

Rule 67 provides in part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a).  Plaintiffs' argument that this Rule applies only to pending claims and not to a pending judgment on a claim does not withstand scrutiny.  The case on which Plaintiffs rely, *Crump v. Bank of America*, 235 F.R.D. 113 (D.D.C. 2006), is readily distinguishable.  Crump, a pro se plaintiff, filed a petition for writ of garnishment requesting that two banks deposit into court funds allegedly due to Crump from Amtrak.  The banks moved to dismiss for failure to state a claim

2

because Amtrak had paid Crump all monies due over a period of twenty years pursuant to a settlement agreement, and the court had previously rejected Crump's claim that he was entitled to payments for life.  In holding that Rule 67 was not applicable to the garnishment petition, the court said: "Because ... here there is no underlying complaint or action, Crump's reliance on [Rule 67] is misplaced."  *Id.* at 115.  Thus, where there is no underlying claim and no possibility of one, Rule 67 has no application.  The court continued: "Thus, absent a new complaint or **a judgment in his favor**, Crump's Petition must be denied for failure to state a claim on which relief can be granted."  *Id.* (emphasis added).  The court recognized that Rule 67 would apply to a judgment in Crump's favor.  Likewise, it applies in this case where there is a judgment in Plaintiffs' favor.

Plaintiffs argument that there is no indication the funds would be paid over to them is also without merit.  Rule 67(b) provides that the funds are to be "deposited and withdrawn in accordance with 28 U.S.C. § 2041 and 2042...."  Section 2041 states: "This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under direction of the court."  Section 2042 provides that: "No money deposited under section 2041 of this title shall be withdrawn except by order of court."  Thus, funds deposited into court are subject to court orders and will be paid out when the proper recipients and amounts are determined.  One would hope that Plaintiffs and their counsel could resolve this matter without the court's intervention, but that apparently is not the case.  Defendants expressly reject the allegation that they seek to have the funds held until the outcome of the appeal.  DE 260, p. 3.

Plaintiffs' argument that a judgment cannot be both paid and appealed is not well taken.  *Dreamers, LLC v. Don's Lumber & Hardware, Inc.*, 366 S.W.3d 381 (Ky. 2011), reiterated that "it is clear where a litigant pays an adverse judgment he does not thereby impair his right to appeal."  *Id.* at 384, quoting *Moss v. Smith*, 361 S.W.2d 511, 514 (Ky. 1962).  The exception is "where the payment is part of a settlement or compromise."  *Id.*  Similarly, under Michigan law, involuntary satisfaction of a judgment does not bar an appeal.  *Kusmierz v. Schmitt*, 268 Mich. App. 731, 708

3

N.W.2d 151 (2005), rev'd on other grounds, 723 N.W.2d 833 (Mich. 2006).  Plaintiffs acknowledge that Defendants are motivated to make payment by the pending motion to appoint a receiver.  DE 259, pp. 7-8.  Payment under such circumstances would not be considered a voluntary payment or a waiver of the right to challenge the judgment.  *See Industrial Lease-Back Corp. v. Romulus*, 23 Mich. App. 449, 178 N.W.2d 819, 821 (2005) (Payment following threatened exercise of court's contempt power should not be regarded as voluntary).

Finally, there should be no uncertainty regarding the claim for attorney fees, which has now been reduced to a judgment.  The Children were not parties to the guaranty giving rise to the award of attorney fees.  Accordingly, they are not individually liable for this new judgment, with one important exception.  The Florida Condo that the Children own was a fraudulent transfer from the Hofmeister Family Trust to the Children in December 2006, and it remains subject to the new judgment.  *Limbright v. Hofmeister*, 2011 WL 5523713 at *9 (E. D. Ky. 2011); *Limbright v. Hofmeister*, 2012 WL 5178434 at *8 (E. D. Ky. 2012).  There can be no order of satisfaction of the October 18, 2012 Judgment until that issue is resolved.

## III.   CONCLUSION

**IT IS ORDERED** that the motion of Megan Hofmeister, Scott Hofmeister, and Jamie Hofmeister to deposit funds into the Court's registry [DE 258] is **GRANTED IN PART**.  They may deposit the amount of $194,989.47, plus any additional accrued interest, pursuant to the separate Order entered contemporaneously with this Opinion and Order.  Defendants' counsel shall contact the Clerk of this Court for information to accomplish the payment.  Upon receipt of such payment, an order will be entered that the following Judgments of this Court have been paid in full and satisfied:

Case No. 01-cv-92-KSF

Judgment Entered March 29, 2002, DE 28

Stipulated Judgment entered May 24, 2002, DE 39

4

Case No. 10-fj-2-JBC

     Judgment entered June 7, 2010, DE 1

Case No. 09-cv-107-KSF

     Judgment entered November 14, 2011, DE 223

     Taxation of Costs entered March 14, 2012, DE 245

     Such payment will **NOT** satisfy the Judgment entered October 18, 2012, DE 262.

**Signed By:**

***Karl S. Forester***  $KSF$

**United States Senior Judge**